THE CITY OF ROCHESTER, PLAINTIFF, *v.* THE TOWN OF RUSH, DEFENDANT.

*Property of a municipal corporation is not subject to taxation.*

Section 1 of 1 R. S., 387, declaring that all lands and personal estate, whether owned by individuals or corporations, shall be liable to taxation, applies only to private corporations, and does not include municipal corporations.

Accordingly where the city of Rochester, in carrying out a system of works for supplying the city with water, erected a reservoir in the town of Rush; *held,* that the town had no authority to assess the same and impose ordinary taxes thereon.

CONTROVERSY submitted on agreed facts under section 1279 of the Code of Civil Procedure.

*James B. Perkins*, for the plaintiff. The tax imposed was illegal, because the town of Rush had no power to levy a tax upon the property of the city of Rochester. That this extraordinary power does not exist has been decided. (*Worcester Co.* v. *Mayor of Worcester*, 116 Mass., 193; *Inhabitants of Wayland* v. *Commissioners*, 4 Gray, 500; *Piper* v. *Singer*, 4 Serg. & Rawle,

Pa., 354; Hilliard on Taxation, chap. 5, p. 141, § 4; *U. S.* v. *R. R. Co.*, 17 Wallace, 322; *People* v. *Doe*, 36 Cal., 220, 222; *People* v. *McCreary*, 34 Cal., 433; *Doyle* v. *Austin*, 47 Cal., 353, 360; *Directors of Poor* v. *School Directors*, 42 Pa., 21; Cooley on Taxation, chap. 3, pp. 58, 59.)

*J. A. Stull*, for the defendant. The reservoir property was not owned or used for purely public purposes, in any such sense, as exempted it either from taxation or execution. (*City of Louisville* v. *Commonwealth*, 1 Duvall, 295–298; Cooley on Taxation, 489; Burroughs on Taxation, p. 41, § 75; *Dalrington* v. *Mayor of N. Y.*, 31 N. Y., 164, see pp. 192, 193, opinion by DENIO.)

TALCOTT, P. J.:

This is a case agreed upon and submitted to the court under §§ 1279, 1280 and 1281 of the Code of Civil Procedure. The object of the submission is to have a judicial determination of the question, whether the said town of Rush can impose ordinary taxes upon a certain reservoir, part of, and necessary to the system of works by which water brought from Hemlock lake, in Livingston county, is supplied to the city of Rochester.

The said water-works were built under a statute passed in 1872, chapter 387, and subsequent acts amendatory of, and in addition thereto, and the city of Rochester paid for the construction of the same some three millions of dollars, by issuing its bonds and selling the same under the statutes aforesaid; and the city is authorized by the said acts to raise, by tax, the necessary sums to pay the interest on said bonds, and the principal as it matures. With the exception that the water is used for fire purposes, and in the public buildings of the city, and in the public parks, no person is permitted to use the water, except by paying for the use of it at certain scheduled prices, called water-rates. In the course of the construction of said water-works, and as a necessary part thereof, the city purchased twenty-nine acres of land, located in said town of Rush, and erected thereon, at the cost of $100,000, a reservoir, in which the water is stored, and from thence carried to and distributed within the city; and, in 1876, the assessors of the town of Rush taxed the said property at a valuation of $60,000 for the

sum of $484.94, and the board of supervisors of Monroe county issued their warrant for the collection of said tax, which was levied upon certain personal property of the city, and the collector threatening to sell the property thus levied upon, the city paid the collector, under protest, on the 1st day of February, 1877, the sum of $511.38, being the amount of the tax, with interest and collector's fees.

The money was paid by the collector to the county treasurer of Monroe county, and by him was paid to the proper authorities of the town of Rush, to the extent of $55, in payment of the expenses of the said town, and the balance was paid over to the State, and retained and used by the said treasurer for county purposes.

We think the property was not subject to taxation, and that the assessors of the town of Rush had no authority or jurisdiction to place the same upon the tax-roll as liable to taxation.

A municipal corporation is a political body, and, as such, one of the agencies of government. Its powers and franchises are devolved upon it by the State for convenience, and to be exercised as a part of the powers of the State government. The provisions of the statute declaring that all lands and personal estate, whether owned by individuals or corporations, shall be liable to taxation (1 Edm. R. S., 360, § 1), apply only to private corporations, and do not include municipal corporations. The agencies of government are, from their nature, exempt from taxation, irrespective of any statute specially exempting them. (Cooley on Taxation, chap. 3.)

Judge DILLON, in his work on municipal corporations, on this subject, says: " The *general statutes* of the State upon the subject of taxing property undoubtedly refer to *private property*, and not to that owned by the State; and, in view of the public nature of municipalities, the author is of opinion that such enactments do not, by implication, extend to any property owned by them— certainly to none owned by them for public purposes." (2. Dillon on Municipal Corporations, § 614.)

The money expended by the city of Rochester in the construction of its water-works was, in effect, to be raised by general taxation upon the inhabitants of that city for a purpose purely

public. To tax the constructions erected by the city, in pursuance of such authority, is, in effect, to tax the amount already raised by taxation. If this tax could be legally imposed upon the erections for the purpose of the water-works, under the general authority by which the town of Rush is authorized to tax the property located within that town, by the same process of reasoning the city of Rochester could impose taxes on the court-house and other county buildings located within it ; and if they could impose the tax, they could proceed to sell the property in default of payment.

It was held in *The Directors of the Poor*, etc., v. *The School Directors*, etc. (42 Penn St., 24), that a county poor-house is not taxable for school purposes by the school directors in the township where it is located, on the ground that the public is never subject to tax laws, and no portion of it can be without express statute, and that no exemption is needed for any public property held as such.

The precise question presented in this case is decided in *The Inhabitants of Wayland* v. *The County Commissioners*, etc. (4 Gray, 500), where the town of Wayland had assumed to impose a tax upon the city of Boston for certain real estate located in that town, owned by the city in connection with its water-works. And also in the case of the *Town of West Hartford* v. *The Board of Water Commissioners of the City of Hartford* (44 Conn., 360). No objection is made that the action should be against the county of Monroe, and not against the town which imposed the tax.

We think that the property was not taxable, and order a judgment in behalf of the plaintiff for the amount of the $511.38, paid by it to prevent a sale of its property, with interest from the first day of February, 1877, with the costs for all proceedings subsequent to the notice of trial.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment ordered in behalf of the plaintiff for $511.38, with interest from the first day of February, 1877, with the costs of all proceedings subsequent to the notice of trial.